*Layton*, for defendant.

—»>>❊❊❊«<•—

## DANIEL HUDSON *vs.* LEVIN PETTIJOHN.

On the trial of an appeal, the record of the justice's judgment is not admissible in evidence; but if read without objection, it is not sufficient ground to set aside the verdict, and for a new trial.

THIS was an appeal from the judgment of a justice of the peace, in an action for money had and received. Trial and verdict for plaintiff.

On motion of the defendant's counsel, rule to show cause why the verdict should not be set aside, and a new trial granted, on the ground that the record of the judgment and proceedings below were read to the jury, and taken by them from the bar.

*Cullen*, showed for cause; 1st. That there was no affidavit of the fact that this paper was taken from the bar; and 2d. That the record of the justice was read during the trial without objection, and it was

therefore in evidence. It is in fact proper evidence for certain purposes, viz., to show the origin of the cause, and the appeal.

A new trial will not be granted for the admission of improper evidence, unless there be ground to believe that injustice has been done by its effect. (12 *Wend. Rep.* 41 ; 2 *Tidd's Pr.* 907 ; 2 *Taunt.* 12.)

The causes filed for a new trial do not even alledge that any injustice has been done, and there is no affidavit of the party. Even on affidavit filed, the court will not go out of it on a hearing for new trial, or to set aside an inquisition or sale of lands.

*Layton* replied, that no affidavit was necessary as the reading of the paper in evidence was shown to the court; and it is admitted that it was taken from the bar. Such a paper carried to the jury room, suggesting to them the judgment of the magistrate below, cannot but have an improper influence on the minds of the jurors.

*The Court* discharged the rule, on the ground that the admissibility of the transcript in evidence was not objected to at the time; and though it was not strictly regular to read this paper, or take it from the bar; the one was done without objection, and the latter was not likely to produce such an influence as to vitiate the verdict.

If a verdict should be set aside for the introduction of any evidence, however unimportant, and admitted without objection, it would be scarcely possible for any verdict to stand.

Rule discharged.

*Layton,* for the rule.
*Cullen,* contra.